427 P.2d 747

**Joanne Adams LEISHMAN, dba Samak Lodge, Plaintiff and Respondent,**

v.

**KAMAS VALLEY LUMBER COMPANY, a corporation, Defendant and Appellant.**

**No. 10711.**

Supreme Court of Utah.

May 9, 1967.

Jackson B. Howard, Howard & Lewis, Provo, for appellant.

Earl S. Spafford, Salt Lake City, for respondent.

JEPPSON, District Judge:

This is an appeal from a judgment based upon breach of warranty. The trial court found that defendant had warranted its laminated beams for the structure planned and built by the plaintiff. The beams broke under the weight of snow during the first winter after construction.

■ The evidence supports the plaintiff's theory that the defendant lumber company examined a sketch for the proposed structure, went to the location and discussed the probable weight of the snow that the roof would be required to support. The defendant did not require the plaintiff to get advice from an engineer or architect, but advised the plaintiff that the depth of the snow would be no problem, and that the number and size of the laminated beams would, with a one-inch camber in the beams, be adequate for the roof. The trial court's finding on conflicting testimony that the defendant warranted its beams for the purpose intended was well supported by the evidence.

■ The defendant contends that the beams would have been adequate for the strain had they been free from defects, and that the plaintiff had observed the defects after delivery and before use was made of the beams. The plaintiff's testimony shows an observation of the defects and an inquiry from the defendant about the capacity of the defective beams. There is testimony sufficient to constitute a representation by the defendant and a reliance thereon by the plaintiff that the defects only affected the appearance of the beams and that the appearance could be improved with filling, sanding and painting and that the beams were structurally sound. There is no evidence of consultation with an engineer by the plaintiff for advice. The plaintiff was assured of the fitness of the product and relied thereon which constituted another warranty. Plaintiff could have sought better advice, but the evidence is not strong enough to say that a reasonable prudent man under the circumstances, would not have believed the representation of the lumber company.

■ The buyer did examine the beams, but it cannot be assumed that he disbelieved the defendant as to the adequacy of the said beams. A preponderance of the evidence is that the inspection by a lay person would not have revealed the weakness of the beams. The trial court did not find that the buyer knew that the defect was structural. We cannot say that the examination by the purchaser ought to have revealed a structural weakness. Neither can we say that the plaintiff should have inquired further, or was put on notice to inquire further after an oral assurance from the defendant of the structural strength of the beams. Acceptance of defective merchandise under an assurance that the structural

**152**

strength is unaffected, does not show a knowledge of the lack of capacity and is not sufficient to require plaintiff to inquire of others.

The defendant claims that there was a reduction in price given to the plaintiff on account of the defects, and it was so noted in a book entry by Mr. Blazzard on information given him by his employees. The plaintiff, on the other hand, alleged that similar beams had been subsequently sold to another at a lower price and for that reason, the plaintiff's quoted price was reduced. The court held that plaintiff's testimony preponderated and we feel constrained to follow the court's finding. There is evidence that a carpenter advised the plaintiff after the roof was in place that the beams were not strong enough and that the roof should be supported each winter with center props. The plaintiff did not follow that advice. The evidence thereon is not strong enough to warn the plaintiff as a matter of law that the roof was weak. The question of fact was resolved on conflicting evidence. The warranty of the defendant was stronger than the advice of the carpenter. The trial court's finding in this respect will not be disturbed.

■ The defendant contends that the building was not adequately designed. The purchase and construction were based on a rough sketch without any appearance of an engineering study, but the defendant undertook to advise the plaintiff of the size and number of beams needed, which information the plaintiff had failed to get from an architect. After giving advice on what was required, the defendant sold the beams to the plaintiff and warranted them prior to their manufacture, and after delivery, as being fit and adequate for the purpose.

■ The defendant also attacks the rule for damage determination. There was substantial testimony that the cost of restoration would be $11,506.35. This figure was less than the evidence of the difference in the value before the collapse of the roof and the value just after the said collapse. Where the cost of restoration is less than the diminution of value, the former is the proper measure of damages. The finding of $7500.00 in this case is well supported by the evidence and is not excessive.

The trial court's findings are sustained and costs are allowed to the plaintiff.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.

ELLETT, J., being disqualified, did not participate herein.